IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN LUDWIG,

    Plaintiff,

vs.

ADULT PROTECTIVE SERVICES OF SACRAMENTO COUNTY; VERNA MAGNUSON; UNIVERSITY OF CALIFORNIA DAVIS MEDICAL CENTER; McKINLEY HEALTH CENTER; CITY OF SACRAMENTO POLICE DEPARTMENT; A. CROSBY; MERCY HOSPITAL; and DOES 1-5,

    Defendants.

No. CIV S-10-0325 JAM EFB PS

ORDER AND
ORDER TO SHOW CAUSE

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On February 8, 2010, plaintiff filed a complaint in this action and paid the filing fee. Dckt. No. 1. Also on February 8, 2010, the court issued its initial scheduling order. Dckt. No. 2. That order directed plaintiff to complete service of process within 120 days (*see* Federal Rule of Civil Procedure ("Rule") 4(m)), and set a scheduling conference for June 9, 2010. The order further directed the parties to file status reports no later than fourteen days prior to the June 9, 2010 scheduling conference (by May 26, 2010), and cautioned the parties that failure to obey the federal or local rules or orders of the court could

1

result in sanctions, including a recommendation that the case be dismissed.

The court file reveals that although defendant Adult Protective Services of Sacramento County filed a status report on May 20, 2010, plaintiff has not filed a status report, as required by the February 8, 2010 order. It is also unclear from the court file whether plaintiff has yet effected service of process on any of the other defendants. Accordingly, the status conference will be continued and plaintiff will be ordered to show cause why this case and/or any unserved defendants should not be dismissed as a result of plaintiff's failure to follow court orders and, if service has not been effected by June 8, 2010, for plaintiff's failure to effect service of process within the time prescribed by Rule 4(m). Fed. R. Civ. P. 4(m); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Failure to timely comply with this order may result in sanctions, including a recommendation that this action be dismissed for lack of prosecution.

Accordingly, IT IS HEREBY ORDERED that:

1. The status conference currently scheduled for June 9, 2010, is continued to August 11, 2010, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiff shall show cause, in writing, on or before July 21, 2010, why sanctions should not be imposed for failure to follow court orders and, if service has not been effected by June 8, 2010, for failure to effect service of process within the time prescribed by Rule 4(m).

////

////

////

3. Also by July 21, 2010, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's February 8, 2010 order, including the status of service of process.[1]

4. Failure of plaintiff to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

DATED: June 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Because defendant Adult Protective Services of Sacramento County already filed a status report herein, it need not file a further status report or participate in the preparation of a joint status report. However, if defendant Adult Protective Services of Sacramento County elects to file a further status report, it shall do so on or before July 21, 2010.

3