IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN LUDWIG,

      Plaintiff,                        No. CIV S-10-0325 JAM EFB PS

      vs.

ADULT PROTECTIVE SERVICES OF SACRAMENTO COUNTY; VERNA MAGNUSON; UNIVERSITY OF CALIFORNIA DAVIS MEDICAL CENTER; McKINLEY HEALTH CENTER; CITY OF SACRAMENTO POLICE DEPARTMENT; A. CROSBY;      ORDER
MERCY HOSPITAL; and DOES 1-5,

      Defendants.
_____/

This case is before the undersigned pursuant to Local Rule 302(c)(21). *See* 28 U.S.C. 636(b)(1). On June 2, 2010, because plaintiff had not filed a status report as ordered and because plaintiff had not yet shown that she had effected service of process on all of the defendants,[1] the undersigned continued the status conference in this action and ordered plaintiff to show cause why sanctions should not be imposed for failure to follow court orders and/or for failure to timely effect service of process under Federal Rule of Civil Procedure 4(m). Dckt. No. 6.

---

[1] Defendant Adult Protective Services of Sacramento has filed an answer in this action. Dckt. No. 4.

1

Then, on June 7, 2010, plaintiff filed a motion for an extension of time to September 10, 2010 to serve the remaining unserved defendants. Dckt. No. 7. On June 15, 2010, the court granted plaintiff's request and gave plaintiff until September 10, 2010 to serve the remaining unserved defendants and file a proof of such service with the court. Dckt. No. 8. The court also discharged the June 2, 2010 order to show cause and continued the status conference in this action to October 27, 2010. *Id.*

On September 10, 2010, plaintiff once again filed a motion for an extension of time to serve the remaining unserved defendants "[d]ue to extenuating circumstances including Plaintiff's health." Dckt. No. 9. Accordingly, on September 22, 2010, the court granted plaintiff's request and gave plaintiff until November 10, 2010 to serve the remaining unserved defendants. Dckt. No. 10. The court reminded plaintiff about the requirements set forth in Federal Rule of Civil Procedure 4(m) and warned plaintiff "that no further extensions of time to serve will be granted." *Id.*

Nonetheless, on November 9, 2010, plaintiff filed a third motion for an extension of time to serve the remaining unserved defendants. Dckt. No. 11. Plaintiff explains that due to changes in her work situation, she cannot "determine when and how many weeks [she] may have of vacation to be used for post surgery recovery." *Id.* She therefore requests an extension through January 2011. *Id.* Although it is unclear why plaintiff's vacation time has a bearing on plaintiff's ability to serve the complaint, and despite the court's earlier admonitions regarding service, the court finds that plaintiff has shown good cause for an extension of time, up to January 31, 2011, to serve the remaining unserved defendants. However, plaintiff is admonished that no further extensions of time to serve will be granted. *See* Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall

1  extend the time for service for an appropriate period.").

2  Accordingly, IT IS HEREBY ORDERED that:

3  1. Plaintiff's motion for an extension of time to serve, Dckt. No. 11, is granted;

4  2. Plaintiff shall have until January 31, 2011 to serve the remaining unserved defendants
5  and file a proof of such service with the court;

6  3. The status conference currently set for January 5, 2011 is continued to March 30,
7  2011, at 10:00 a.m. in Courtroom No. 24;

8  4. By March 16, 2011, the parties shall file status reports (or a joint status report) setting
9  forth the matters referenced in the court's February 8, 2010 order, including the status of
10 service of process;[2] and

11 5. Failure to comply with this order may result in the imposition of sanctions, including a
12 recommendation that this action be dismissed for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

13 DATED: November 15, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because defendant Adult Protective Services of Sacramento County already filed a status report herein, it need not file a further status report or participate in the preparation of a joint status report.  However, if defendant Adult Protective Services of Sacramento County elects to file a further status report, it shall do so on or before March 16, 2011.

3