UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN LUDWIG, | Case No. 2:10-cv-00325-JAM-EFB |
| Plaintiff, | |
| v. | <u>ORDER GRANTING DEFENDANT VERNA MAGNUSON'S MOTION TO DISMISS</u> |
| ADULT PROTECTIVE SERVICES OF SACRAMENTO COUNTY, et al., | |
| Defendants. | |

This matter is before the Court on Defendant Verna Magnuson's ("Defendant") Motion to Dismiss (Doc. #70).[1] Plaintiff Susan Ludwig ("Plaintiff") opposes the motion (Doc. #73). Defendant filed a reply (Doc. #74). For the reasons stated below, Defendant's motion is GRANTED.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff, originally a <u>pro se</u> litigant, filed this action against multiple individual and governmental defendants on February

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled on January 25, 2012.

1

8, 2010 (Doc. #1). After obtaining counsel, she filed an Amended Complaint on June 29, 2011 (Doc. #35). All defendants except for Defendant Magnuson moved to dismiss the Amended Complaint, and a hearing on those motions was held on September 21, 2011. The September 21 hearing resulted in dismissal of all defendants aside from Defendant Magnuson (Doc. #52). Plaintiff was given leave to amend her complaint to cure defects in her allegations against defendant Adult Protective Services of Sacramento County ("APS"), which she declined to do in a statement filed with the court (Doc. #65). Since Plaintiff declined to amend the complaint a second time, the only claim remaining in this lawsuit is the first count of the Amended Complaint alleging violations of Plaintiff's civil rights by Defendant Magnuson, a retired APS employee. Amended Compl. ¶¶ 91-94.

The allegations in the Amended Complaint are based on the February, 2008 search of Plaintiff's home, Plaintiff's brief detention during that time, and the subsequent removal of her mother from her care. Plaintiff alleges that police officers arrived at her mobile home on February 1, 2008 along with APS employee Defendant Magnuson. Plaintiff was ordered out of the home and into the back of a police car while Defendant and the police searched the home and then took Plaintiff's mother into custody. Plaintiff alleges that her mother was then institutionalized in health care facilities until she passed away in March, 2008.

On February 14, 2008, Plaintiff alleges that Defendant Magnuson, encouraged by APS, filled out a "Request for Orders to Stop Elder Abuse" for the mother and induced the mother to sign the form through false representations. Based on the signed request,

2

1  Defendant Magnuson obtained an ex parte restraining order
2  prohibiting Plaintiff from contacting her mother.
3      The mother contracted pneumonia during her stay at McKinley
4  nursing home, and died after being taken to Mercy Hospital in March
5  2008.  Plaintiff learned of her mother's death four days later.
6      This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and
7  1343.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2).
8
9                                II.  OPINION
10    A.  Legal Standard
11     A party may move to dismiss an action for failure to state a
12 claim upon which relief can be granted pursuant to Federal Rule of
13 Civil Procedure 12(b)(6).  In considering a motion to dismiss, the
14 court must accept the allegations in the complaint as true and draw
15 all reasonable inferences in favor of the plaintiff.  Scheuer v.
16 Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by
17 Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,
18 322 (1972).  Assertions that are mere "legal conclusions," however,
19 are not entitled to the assumption of truth.  Ashcroft v. Iqbal,
20 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly,
21 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a
22 plaintiff needs to plead "enough facts to state a claim to relief
23 that is plausible on its face." Twombly, 550 U.S. at 570.
24 Dismissal is appropriate where the plaintiff fails to state a claim
25 supportable by a cognizable legal theory.  Balistreri v. Pacifica
26 Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
27     Upon granting a motion to dismiss for failure to state a
28 claim, the court has discretion to allow leave to amend the

complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

    B.   Discussion

In the present motion, Defendant raises the two year statute of limitations for claims brought under 42 U.S.C. § 1983 as the primary grounds for dismissal. Plaintiff agrees that the limitations period is two years, but she argues that the claim is analogous to a false imprisonment claim. Thus, the cause of action did not accrue until either Defendant obtained judicial authorization on February 14, 2008 for the mother's removal or the mother passed away in custody in March 2008, bringing the unlawful removal to an end.

Plaintiff's argument attempts to combine the holdings of two cases to support her position. First, Plaintiff cites Wallis v. Spencer, 202 F.3d 1126, 1137 fn. 8 (9th Cir. 2000), for the proposition that courts may analyze a claim for loss of familial association with a dependent together with the dependent's wrongful removal claim. Plaintiff then cites Wallace v. Kato, 548 U.S. 384, 388 (2007), for the proposition that a false imprisonment claim does not accrue until the alleged false imprisonment ends. Combining the two cases, Plaintiff's position is that both Plaintiff's claim for loss of familial association and the mother's claim for wrongful removal, which is not presently before the Court, did not accrue until the mother's wrongful removal ended.

During the September 21, 2011 hearing, the Court heard arguments on Plaintiff's theory that <u>Wallis</u> and <u>Wallace</u> effectively tolled the 2 year statute of limitations for the period of the Plaintiff's mother's confinement, making Plaintiff's February 8, 2010 filing timely.  Transcript, Doc. #55, at 31-32.  The Court at that time rejected Plaintiff's position and held that a wrongful removal cause of action accrues at the time the dependent is removed.  <u>Id.</u>  The Court found the identical holding in <u>Belinda K. v. County of Alameda</u> to be persuasive.  No. 10-CV-05797-LHK, 2011 WL 2690356, at *6 (N.D. Cal. July 8, 2011).

Plaintiff's other hurdle is that the Court is not persuaded that the <u>Wallace</u> rule applies to the facts of this case.  The <u>Wallace</u> Court said, "The running of the statute of limitations on false imprisonment is subject to a distinctive rule-dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned. . . ."  <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007).  In the instant case, however, Plaintiff has not averred any facts that show she was unable to file her claim.  Since Plaintiff was never imprisoned, she was free to file her claim on the same day that her mother was removed from her care.

At the September 21, 2011 hearing, the Court gave Plaintiff leave to amend her allegations to assert a claim against APS and Defendant based on allegations of fraud in obtaining the February 14, 2008 court order.  While a constitutional violation occurring on February 14, 2008 would be within the applicable two year statute of limitations, Plaintiff declined to amend her allegations.  Thus she presents no theory under which the February 14, 2008 events constituted a separate violation of her civil

rights.

For the reasons stated above and at the September 21, 2011 hearing, the Court finds that Plaintiff's claims accrued on February 1, 2008 when her mother was removed from her care. Since the original complaint was filed more than two years after that date, it is not timely. Additionally, the Court finds that Plaintiff's failure to amend the complaint subsequent to the September 21, 2011 hearing is an admission that further amendments would be futile. As a result, Defendant's motion should be granted with prejudice.

### III. ORDER

The Court has carefully considered all of the papers filed with regard to this motion, and it is hereby ordered that Defendant's Motion to Dismiss Plaintiff's Amended Complaint is GRANTED with prejudice.

IT IS SO ORDERED.

Dated: January 24, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE